United States Court of Appeals
**Fifth Circuit**

**F I L E D**

**April 21, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 03-10706
Conference Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ANDRES BARBOSA-GIL, also known as Andres
Barboas-Guel, also known as Andres
Guel Barbosa,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:03-CR-44-ALL-L
--------------------

Before JOLLY, JONES, and SMITH, Circuit Judges.

PER CURIAM:[*]

Andres Barbosa-Gil appeals the sentence imposed following
his guilty plea conviction of being found in the United States
after deportation/removal in violation of 8 U.S.C. § 1326.
Barbosa-Gil complains that his sentence was improperly enhanced
pursuant to 8 U.S.C. § 1326(b) based on a prior conviction.
Barbosa-Gil thus contends that his sentence should not exceed the
maximum term of imprisonment prescribed in 8 U.S.C. § 1326(a).

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

In <u>Almendarez-Torres v. United States</u>, 523 U.S. 224, 235 (1998), the Supreme Court held that the enhanced penalties in 8 U.S.C. § 1326(b) are sentencing provisions, not elements of separate offenses.  The Court further held that the sentencing provisions do not violate the Due Process Clause.  <u>Id.</u> at 239-47. Barbosa-Gil acknowledges that his argument is foreclosed by <u>Almendarez-Torres</u>, but asserts that the decision has been cast into doubt by <u>Apprendi v. New Jersey</u>, 530 U.S. 466, 490 (2000). He seeks to preserve his argument for further review.

<u>Apprendi</u> did not overrule <u>Almendarez-Torres</u>.  See <u>Apprendi</u>, 530 U.S. at 489-90; <u>United States v. Dabeit</u>, 231 F.3d 979, 984 (5th Cir. 2000).  This court must follow <u>Almendarez-Torres</u> "unless and until the Supreme Court itself determines to overrule it."  <u>Dabeit</u>, 231 F.3d at 984 (internal quotation marks and citation omitted).  The judgment of the district court is AFFIRMED.

The Government has moved for a summary affirmance in lieu of filing an appellee's brief.  In its motion, the Government asks that an appellee's brief not be required.  The motion is GRANTED.

AFFIRMED; MOTION GRANTED.